[No. 6340.]

WOLFF V. POMPONIA.

KERSHAW DITCH CO. V. MORGAN.

1. PRACTICE IN SUPREME COURT—*What May Be Assigned for Error*—Separate causes, between different parties, but involving similar questions, are tried at the same time, by consent of parties, the records being made up separately. The defeated party will not be heard to assign error thereon—(110).

2. ——*Findings on Conflicting Evidence*—Will not be disturbed, where the testimony is sufficient to sustain them—(112).

3. ——*Harmless Error*—An erroneous reason or theory will not suffice to reverse a correct judgment—(112).

The admission of incompetent testimony as to a right incontestibly established by other testimony, is harmless—(115).

4. WATER RIGHTS—*Irrigation—Implied Limitation of the Right*—The right to enjoy the waters of a ditch is limited by law, in both time and volume, by the needs of the party. A decree directing a "constant flow" of a volume specified is subject to this limitation, and to be read accordingly—(114).

*Appeal from Adams District Court*—HON. E. E. ARMOUR, Judge.

Mr. JOHN R. SMITH and Mr. JOHN R. WOLFF for appellants.

Mr. JOHN A. RUSH for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellees, Pomponia et al., brought suit against appellants, Wolff and Fisher. Later, appellee Morgan brought suit against the Kershaw Ditch Company and Wolff and Fisher. Both actions were brought to establish an interest in the Kershaw ditch and the right to the use of water from Clear Creek for the purpose of irrigating lands which the plaintiffs owned in severalty. In the

Pomponia case the Kershaw Ditch Company, by order of court, was made a party defendant. The trial of the cases resulted in judgments and decrees in favor of the plaintiffs, from which the defendants have appealed.

The first point made is, that the court erred in consolidating the cases for trial. A motion appears to have been made by counsel for plaintiffs to consolidate, but the record discloses that the motion, on objection of the defendants, was denied. The cases were tried at the same time with the assent, or at least without objection, on the part of the defendants, with the understanding that the record of each case would be kept separately. This plan was agreed upon at the suggestion of counsel for the defendants. Perhaps this method was not carried out to the letter, but the trials proceeded without objection on the part of the defendants, and for this reason they cannot complain. An assignment of error not supported by the record will not be considered.

In the Pomponia case the court found that plaintiffs and each of them derived title, either by direct or mesne conveyances, to the lands which they severally owned, and for which they claimed the right to the use of the water in controversy, from one Boyles, who derived his title from the government; that Boyles owned an interest in the Kershaw ditch running through these lands, and used for the purpose of irrigating the same, and that his interest therein and to the water thereby diverted and used for irrigating such lands, theretofore belonging to Boyles, now belonged to the plaintiffs; that Boyles, while the owner of these lands, for several years assisted in the maintenance and repair of the Kershaw ditch, and applied water therefrom upon the lands embracing the several tracts belonging to plaintiffs; that plaintiffs, since ac-

quiring title to their lands, have also, for a number of years and up to the commencement of their action, assisted in repairing, enlarging and maintaining the Kershaw ditch from year to year, and during such period have applied water, from year to year, from this ditch upon their lands, with the knowledge and acquiescence of the defendants, and without serious objection upon their part, or any of them, whereby plaintiffs and each of them have acquired an interest in the Kershaw ditch, and the right to the use of water therefrom for their respective lands, at the rate of one inch per acre; that this volume has been continuously used by plaintiffs and their grantors on their lands since the ditch was constructed, which was May, 1861; and that the defendants and each of them should of right be estopped from asserting an ownership or interest in the ditch adverse to the respective interests of plaintiffs therein, or to the use of water therefrom, to the extent to which, by the decree, they are found to be entitled.

In the Morgan case, the court found that one William Morgan owned an interest in the Kershaw ditch, and that his right thereto, and to the water conducted through that channel, theretofore belonging to him, now belonged to the plaintiff, David Morgan; that William Morgan, while owner of the land belonging to the plaintiff David Morgan, for several years assisted in the maintenance and repair of the Kershaw ditch, and applied water therefrom upon that land, and that David Morgan, since acquiring title to such land, and for a long period of years, and up to the commencement of his action, assisted in maintaining, repairing and enlarging the Kershaw ditch, and during that period, from year to year, applied water upon such land, with the knowledge and acquiescence of the defendants, and without serious ob-

jection upon their part, and thereby acquired an interest in the ditch, and to the right to the use of water therefrom, for the purpose of irrigating his land, at the rate of one inch per acre for the acreage to which water was so applied, which is eighty acres; that this water right has been used and enjoyed by plaintiff and his grantors since the ditch was constructed, which was May, 1861; and that defendants should be estopped from asserting an adverse ownership or interest in the ditch, or to his right to the use of water therefrom, to the extent to which he is found to be entitled.

On behalf of the appellants it is contended that the decree or findings of the court, as above set out, are unsupported by the evidence on the one hand, and by the pleadings on the other.

The rights of the respective parties in both cases as disclosed by the complaints appear to be based, at least in part, upon ownership of interests in the Kershaw ditch, by purchase and mesne conveyances from the original owners and builders of that ditch; that is, in the Pomponia case, the plaintiffs deraigned their rights from Boyles, and in the Morgan case plaintiff deraigned his rights from William Morgan. On behalf of appellants, it is contended that the evidence does not establish that either Boyles or William Morgan ever owned an interest in the Kershaw ditch. The record does not support this contention. There is evidence tending to clearly prove that each of these parties owned an interest in that ditch, and utilized water therefrom to irrigate the lands now belonging to the respective plaintiffs. There was doubtless some conflict in the testimony bearing on this issue of fact between the parties, but this conflict was resolved by the trial court in favor of plaintiffs. In such circumstances the findings of the trial court will not be disturbed

on review, when the testimony, as in the case at bar, is sufficient to support the findings made.

It is urged that the decree in a case entitled *Pomponia v. Chirichigne,* which was offered and received in evidence in connection with the testimony of Pomponia, establishes that the latter was awarded water from a ditch known as the Boyles ditch, for the identical land for which he now claims water from the Kershaw ditch; and that the identical land of the plaintiffs, for which they are seeking to obtain a water right from the Kershaw ditch, was decreed an interest in the Boyles ditch. Based on this contention, it is argued that it cannot be true that the plaintiffs ever acquired any interest in the Kershaw ditch. The record does not sustain the assertion upon which this contention is grounded. Pomponia, in the case against Chirichigne, was awarded water from the Boyles ditch, but it was for land belonging to him above the Kershaw ditch. It is also urged that the findings or conclusions of the court in the decrees, that defendants were estopped from asserting an adverse ownership or interest in the Kershaw ditch, and the water thereby utilized to the interests of the plaintiffs therein, cannot be sustained because plaintiffs did not plead estoppel. It is true, as contended by counsel for appellants, that estoppel as an element of a cause of action, is not, as a rule, available unless specially plead, but this rule does not affect the case at bar. We do not understand from the decree that plaintiffs were held estopped because of the application of the doctrine of estoppel in its strict sense, but for the reason that plaintiffs had established their rights to the subject matter of controversy by purchase or mesne conveyances from and through those who did own the rights which they were awarded. The evidence, as we have said, is ample to sustain this finding and conclusion; and

although the court went further, or assigned a wrong reason in law upon which the rights of plaintiffs were predicated, this will not work a reversal when it appears that upon findings clearly within the issues and sustained by the evidence, the decrees are right.

It is contended that the decree in the Morgan case is erroneous, because it allowed water for the irrigation of land in excess of the acreage which he has under cultivation. The evidence appears to have been conflicting with respect to the number of acres under irrigation in the Morgan tract. It was the province of the trial court to determine this question.

The decrees in both cases allowed a "constant flow" of one inch per acre. This, it is contended, is error, because the ditch through which this water is utilized should not be so burdened; and for the further reason that a "constant flow" of a specified volume should not have been awarded. A right to the use of water is limited in time and volume to the extent of the needs of the party in whose favor such right is established for the purpose named.—*Medano D. Co. v. Adams*, 29 Colo. 317; *White v. Nuckolls*, 49 Colo. 666, 112 Pac. 329.

With this limitation imposed by law, the plaintiffs are only entitled to the respective volumes awarded when required to irrigate the lands to which they are to be applied; hence, defendants are not in a position to complain that their rights to water from a common source are infringed, or that their interest in the Kershaw ditch is unlawfully burdened.

It is urged that the decree in the Morgan case can not stand because it appears from the testimony that Mary Morgan, one of the grantors of David Morgan, had commenced a suit several years before against the appellants, Wolff and Fisher, to establish a right to the

use of water from Clear Creek through the Kershaw ditch, based upon grounds wholly inconsistent with the claims now asserted by the plaintiff, David Morgan. The record does not sustain this contention.

Over the objection of the defendants, Pomponia was permitted to testify that he had used water from the Kershaw ditch to irrigate his land for nearly twenty years. This, it is urged, was error, because, under the allegations of the complaint in the cause in which he was plaintiff, ownership of an interest in the ditch, or in the water thereby utilized could not be thus established.   He claimed to be the owner of such interest by purchase, and introduced testimony to establish that he had so acquired his interest to the subject matter of controversy.   The testimony objected to may not have been competent to establish such rights by adverse user, but his right by purchase was so clearly established that the testimony objected to could not have been prejudicial.

Other errors are assigned upon the admission and rejection of testimony, which we do not think possess sufficient merit to justify consideration in detail.   The testimony of witnesses familiar with the Kershaw ditch and the use of water thereby diverted from the time it was constructed, established a state of facts within the issues made by the pleadings, from which it appears, without question, that the decrees are right, and should not be disturbed.

The judgments of the district court are affirmed.

*Judgments affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.